UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THEREASA MOEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>                    Defendant. | CASE NO.  C09-5729BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 22, 2010 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews v. Weber</u>, 423 U.S. 261 (1976).  Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying an application for social security benefits.

This matter is before the court on the parties' stipulated motion to remand the matter to the administration for further consideration.  Doc. 26.  The motion states that the parties stipulate

REPORT AND RECOMMENDATION - 1

that the case be reversed and remanded for a de novo hearing pursuant to sentence four of 42 U.S.C. §405(g).

On remand, the administrative law judge (ALJ) should re-evaluate the medical evidence as a whole.  After re-evaluation, the ALJ should reconsider plaintiff's maximum residual functional capacity, conduct a hearing, and obtain testimony from a vocational expert to clarify the effects of plaintiff's work restrictions on her ability to perform work in the national economy.  Plaintiff should also be given the opportunity to submit additional evidence and testimony.  Plaintiff has filed a subsequent application that was approved for disability with an onset date of December 1, 2008.  On remand, this finding should not be disturbed and the period at issue should be the period prior to December 1, 2008.  Reasonable attorney fees should be awarded, upon proper application, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Based on the parties' agreement, the Court should remand the matter to the administrative for further consideration as noted above.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  <u>See also</u> Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 22, 2010**, as noted in the caption.

DATED at this 29th day of September, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2